UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOSEPH SAMUEL,                                                  **COMPLAINT**

                                                                          **24 cv 6494**

                                                                          **ECF Case**

                    Plaintiff,

          vs.

The CITY OF NEW YORK,
CHRISTOPHER ABREU, NICHOLAS CONDOS,       **JURY TRIAL DEMANDED**
in their individual and official capacities,

                    Defendants.
------------------------------------------------------------x

Plaintiff Joseph Samuel, by his attorney, Cyrus Joubin, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. This action arises from various civil rights violations against Joseph Samuel ("Plaintiff" or "Samuel") by New York City police officers. Plaintiff asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the individual defendants for unlawful search, malicious prosecution, denial of the right to a fair trial, unlawful seizure, and failure to intervene against the City of New York for the same constitutional violations. Additionally, Plaintiff asserts analogous claims under New York State and New York City Law against the individual defendants, and against the City of New York under the doctrine of *respondeat superior*. Plaintiff seeks compensatory and punitive damages, costs, disbursements, and attorney's fees pursuant to applicable state and federal civil rights law.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4), this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all non-federal claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy which gives rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury on each and every one of his claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. The individually named defendants, Police Officers Christopher Abreu and Nicholas Condos (collectively, the "individual defendants") are and were at all times relevant herein officers, employees and agents of the New York City Police Department ("NYPD").

7. On the date of the incident giving rise to this complaint, the individual defendants were assigned to the NYPD 115th Precinct.

8. Each individual defendant is sued in his individual and official capacity. At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of defendant City of New York ("Defendant City").

9. Defendant City is a municipality created and authorized under the laws of New York State. It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## NOTICE OF CLAIM

10. Plaintiff served a Notice of Claim on the Comptroller of the City of New York within ninety days of the incident. At least 30 days have elapsed since the service of the Notice of Claim, and adjustment and payment has been neglected or refused.

11. This action has been commenced within one year and ninety days after the occurrence of the event upon which the claims are based.

## STATEMENT OF FACTS

12. On the evening of November 29, 2022, Plaintiff was lawfully driving his vehicle (a Chevrolet Impala) in Queens, New York.

13. Around 8:45 p.m., Plaintiff was pulled over by two NYPD officers from the 115th Precinct – the individual defendants: Police Officer Christopher Abreu and Sergeant Nicholas Condos.

14. Abreu and Condos approached Plaintiff's car and claimed that Plaintiff had excessively tinted windows on his car.

15. The defendant officers demanded and checked Plaintiff's license and registration, which were valid.

16. At that point, the defendant officers should have let Plaintiff go, at most with a traffic ticket / summons for tinted windows.

17. There was no reason to believe Plaintiff had anything unlawful in his car.

18. Nevertheless, the defendant officers asked to search Plaintiff's car, which Plaintiff allowed.

19. The officers searched the front and back of the car's interior, then searched the trunk.

20. Inside the trunk, Sergeant Condos saw a black backpack.

21. Without good cause, a warrant, or Plaintiff's permission, Sergeant Condos opened the backpack and saw a gun inside.

22. The defendant officers handcuffed and arrested Plaintiff.

23. The defendant officers also seized Plaintiff's car.

24. The officers transported Plaintiff to the 115th Precinct, where they booked and processed him, fingerprinted and photographed him, and kept him detained.

25. The individual defendants also forwarded false information about the circumstances of Plaintiff's arrest to the Queens County District Attorney's Office – such as lies that Plaintiff had been speeding (he wasn't), was acting nervous and shaking (he wasn't), and that they observed "shell casings" inside Plaintiff's car before searching the trunk (there were no shell casings, only some tools and lug nuts from Plaintiff's construction job).

26. On the basis of these fabrications, the Queens County District Attorney's Office decided to prosecute Plaintiff for criminal possession of a weapon in the second degree (under NY Penal Law Section 265.03) and other related charges.

27. After being processed and detained at the police precinct, Plaintiff was transported to Queens Central Booking, where he spent hours detained in various holding cells as he awaited his Criminal Court arraignment.

28. When Plaintiff was arraigned on Docket No. CR-029724-22QN on November 30, 2022 in Queens County Criminal Court, bail was set on him in the amount of $50,000 cash / $100,000 bond.

29. On December 1, 2022, unable to pay bail, Plaintiff was transported to Rikers Island jail.

30. Plaintiff spent approximately sixteen days in Rikers Island until he was finally able to post bail on or about December 16, 2022.

31. After his release from Rikers Island, Plaintiff continued to make numerous court appearances in connection with the prosecution.

32. The aforementioned fabrications by defendants Abreu and Condos were also used in the context of the grand jury presentation to indict Mr. Samuel (Indictment No. 73757-2022) for criminal possession of a firearm.

33. In 2023, a suppression hearing (specifically, a *Mapp* / *Huntley* / *Dunaway* hearing) was held before Justice Karen Gopee in New York Supreme Court, Queens County, Criminal Term, at which defendants Abreu and Condos repeated the aforementioned lies to justify their search of Plaintiff's vehicle – namely, the lies that Plaintiff was speeding, acting nervous ("shaking a lot"), and that they saw "what appeared to be a spent shell casing" / "shell casings" inside the car.

34. On August 2, 2023, Justice Gopee suppressed evidence of the firearm as "fruit of the poisonous tree," finding that the defendant officers had no reasonable suspicion

that Plaintiff had committed any crime and hence no lawful basis to search Plaintiff's vehicle

36. On August 31, 2023, the prosecution was dismissed on the motion of the Queens District Attorney.

36. As a result of his arrest, incarceration, and prosecution, Plaintiff missed work and lost wages from his construction job at Construction Force Services. Aside from the time he missed while incarcerated, after returning to work Plaintiff was given a different, lower-paying assignment. And because of the pending charges, Mr. Samuel's parole-reporting obligations were enhanced, requiring him to miss more time from work and making him too unreliable for his employer.

**DELIBERATE ACTS UNDER COLOR OF STATE LAW**

37. All of the aforementioned acts of the individual defendants, their agents, servants and employees, were carried out under the color of state law in the course and scope of their duties.

38. All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments of the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

39. The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

**FAILURE TO TRAIN AND SUPERVISE**

40. Upon information and belief, the individual defendants' aforementioned abuse of power was not an isolated event. There were other instances of misconduct by the individual defendants that Defendant City knew or should have known about.

41. The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious and mendacious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

**DAMAGES**

42. As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;
   b. Severe emotional trauma, distress, degradation, and suffering;
   c. Lost wages.

**SECTION 1983 CLAIMS**

**FIRST CLAIM**

**Unlawful Search**

43. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

44. By the actions described above, Defendants deprived Plaintiff of his Fourth Amendment right to be secure in his person against unreasonable searches and seizures,

specifically his right to be free from unlawful searches of his vehicle where he had a reasonable expectation of privacy.

45. As detailed above, the individual defendants escalated a routine traffic stop into a fishing expedition of Plaintiff's personal property without reasonable cause, opening a backpack in Plaintiff's car's trunk without a warrant, privilege, or consent.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Malicious Prosecution Under Section 1983

47. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

48. By the actions described above, Defendants deprived Plaintiff of his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free from malicious prosecution.

49. As detailed above, the individual defendants intentionally and maliciously initiated a criminal prosecution against Samuel without probable cause -- a prosecution that terminated in Plaintiff's favor when all criminal charges against him were dismissed.

50. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Unlawful Seizure Under Section 1983

51. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

52. By the actions described, the individual defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from unlawful seizures of his property – in this case, his car.

53. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Denial of the Right to a Fair Trial Under Section 1983

54. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

55. By the actions described, the Defendants deprived Plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights to a fair trial.

56. The individual defendants deliberately forwarded fabricated information to the New York County District Attorney's Office.

57. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Failure to Intervene Under Section 1983

58. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

59. Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

60. The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

61. As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PENDENT STATE CLAIMS

### FIRST CLAIM

**Malicious Prosecution Under N.Y. State Law**

62. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

63. As detailed above, the individual defendants intentionally and maliciously initiated a prosecution against Plaintiff without probable cause. The prosecution terminated in Plaintiff's favor when all charges against him were dismissed.

64. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

### SECOND CLAIM

**Right of Security Against Unreasonable Search and Seizure and Excessive Force Under New York City Administrative Code**

65. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

66. As detailed above, the individual defendants intentionally violated Plaintiff's right to be secure against unreasonable searches and seizures, in violation of New York City Administrative Code Title 8, Chapter 8: The Right of Security Against Unreasonable Search and Seizure and Against Excessive Force Regardless of Whether Such Force Is Used In Connection with a Search or Seizure. § 8-803 Civil action for deprivation of rights.

67. As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

### THIRD CLAIM

**Negligent Hiring/Training/Retention of Employment Services Under N.Y. State Law**
**(Against Defendant City of New York)**

68. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

69. Defendant City owed a duty of care to Plaintiff to prevent the violations and abuse sustained by Plaintiff.

70. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

71. Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants could potentially cause harm.

72. Defendant City's negligence in hiring, screening, training, disciplining and retaining the individual defendants proximately caused Plaintiff's injuries.

73. As a result of its negligent conduct, Defendant City has directly and proximately caused the damages and injuries hereinbefore alleged.

### FOURTH CLAIM

### Respondeat Superior Under N.Y. State Law

74. Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

75. Defendant City is the employer of the individual defendants.

76. Under the doctrine of *respondeat superior*, the Defendant City is responsible for the wrongdoing of its employees acting within the scope of their employment.

77. As a direct and proximate result of the acts of the individual defendants detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

    a. An order awarding compensatory damages for Plaintiff Joseph Samuel in an amount to be determined at trial;

    b. An order awarding punitive damages in an amount to be determined at trial;

    c. A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

    d. Such other and further relief as this Court may deem appropriate.

DATED: September 16, 2024  
New York, New York

CYRUS JOUBIN, ESQ.  
43 West 43rd Street, Suite 119  
New York, NY 10036  
(703) 851-2467  
joubinlaw@gmail.com  
Attorney for Joseph Samuel